IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) RENHILL GROUP INC. d/b/a ) RENHILL STAFFING SERVICES ) ) ) Defendant. ) ) | CIVIL ACTION NO. <br><br> 1:08CV0082 TS <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, race, and retaliation and to provide appropriate relief to Katie Griffin, Raylene Webb, Brian Taylor and to a class of applicants. The Commission additionally alleges that Defendant has violated the recordkeeping requirements of Title VII and the ADEA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 17 of the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 217 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Renhill Group Inc. d/b/a Renhill Staffing Services ("Defendant"), has procured employees for employers and has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c) and Section 11(c) of the ADEA, 29 U.S.C. § 630(c).

5. At all relevant times, Defendant has continuously been an Ohio corporation doing business in the State of Indiana and the City of Fort Wayne, and has continuously had at least 20 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Katie Griffin filed charges with the Commission alleging violations of Title VII and the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

9. Since at least July 1, 2003, Defendant has engaged in unlawful employment practices, in violation of Sections 703(b) of Title VII, 42 U.S.C. § 2000e-2(b) by denying referrals to applicants because of their race.

10. Since at least July 1, 2003, Defendant has engaged in unlawful employment practices, in violation of Section 4(b) of the ADEA, 29 U.S.C. § 623(b) by denying referrals to applicants because of their age.

11. Since at least July 2003, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Katie Griffin, Raylene Webb and Brian Taylor to retaliatory practices because they opposed conduct protected by Title VII.

12.     Since at least May 2005, Defendant has violated Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and 29 C.F.R. §§ 1602.14, 1627.3 and 1627.4, by failing to maintain employment records.

13.     The effect of the practices complained of in paragraphs 9, 10 and 11 above has been to deprive employees and employment applicants of equal employment opportunities and otherwise adversely affect their status as employees or applicants, because of their race, age, or exercise of Title VII rights.

14.     The unlawful employment practices complained of in paragraphs 9, 10 and 11 above were intentional.

15.     The unlawful practices complained of in paragraph 10 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race, age or retaliation.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole all applicants who were denied referral due to age or race, by providing appropriate back pay with prejudgment interest, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 9 and 10 above.

D.  Order Defendant to make whole Katie Griffin and Brian Taylor by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described in paragraph 11 above, in amounts to be determined at trial.

E.  Order Defendant to make whole Katie Griffin, Brian Taylor and Raylene Webb by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to make whole all applicants who were denied referral due to race, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial. in amounts to be determined at trial,

G.  Order Defendant to pay a class of applicants denied referral due to age, liquidated damages for its willful conduct described in paragraph 10 above, in amounts to be determined at trial.

H. Order Defendant to maintain employment applications and other records as required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a) and Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

<h2 style="text-align:center">JURY TRIAL DEMAND</h2>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*/s/ Laurie A. Young*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*/s/ Michelle Eisele*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*/s/ Nancy Dean Edmonds*
NANCY DEAN EDMONDS
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204
(317) 226-7947
Nancy.edmonds@eeoc.gov